**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 21, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP2138-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CM1596

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

　　PLAINTIFF-RESPONDENT,

　V.

JOSEPH K. EDWARDS,

　　DEFENDANT-APPELLANT.

　　　　　APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEAN M. KIES, Judge. *Affirmed.*

　　¶1　　DONALD, J.[1]　Joseph K. Edwards appeals a judgment of conviction, following a jury trial, of one count of disorderly conduct with the use of a dangerous

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

weapon. He also appeals from the order denying his postconviction motion for a new trial. We affirm.

## BACKGROUND

¶2 On May 7, 2016, Edwards was charged with one count of disorderly conduct with the use of a dangerous weapon. The matter proceeded to trial, where, the victim, S.G., testified that on May 6, 2016, she parked her car in her garage and was heading toward her back door when she encountered Edwards. Edwards told S.G. that he knew her foster son. S.G., who did not have a foster son, became frightened by Edwards's remark and retreated to her home. S.G. stated that Edwards, dressed in all black, followed her and started banging on the front door. Edwards told S.G. that he had been watching her and knew she did not have a husband. S.G. called 911 and a neighbor. S.G. then ran out the back door to a neighbor's house. Edwards followed S.G. to the neighbor's house and pulled out a machete. When the police arrived they arrested Edwards and confiscated the machete.

¶3 At the jury instructions conference, the trial court discussed WIS JI—CRIMINAL 1900, the substantive instruction for disorderly conduct, which provides:

> Disorderly conduct, as defined in [WIS. STAT. ]§ 947.01 of the Criminal Code of Wisconsin, is committed by a person who, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance.

*See* WIS JI—CRIMINAL 1900. The trial court stated that "[o]therwise disorderly conduct clearly is … the best choice [for the jury instruction]." Neither party objected. The trial court then went on to discuss whether the State's case relied on

threatening conduct, necessitating the additional "true threat" language of WIS JI—CRIMINAL 1900, which provides:

> WHERE THE STATE'S CASE RELIES ON STATEMENTS OR CONDUCT THAT MAY CONSTITUTE A THREAT, THERE MUST BE A TRUE THREAT. ADD THE FOLLOWING:
>
> A "threat" is an expression of intention to do harm and may be communicated orally, in writing, or by conduct. This requires a true threat. "True threat" means that a reasonable person making the threat would foresee that a reasonable person would interpret the threat as a serious expression of intent to do harm. It is not necessary that the person making the threat have the ability to carry out the threat. You must consider all the circumstances in determining whether a threat is a true threat.

*See id.* The trial court suggested excluding this portion of the jury instructions. Neither party objected.

¶4 The jury ultimately found Edwards guilty of one count of disorderly conduct with the use of a dangerous weapon.

¶5 Edwards filed a postconviction motion, arguing, as relevant to this appeal, that the trial court erred in excluding the "true threat" language of WIS JI—CRIMINAL 1900 because the crux of the State's case was that Edwards's conduct caused S.G. to fear for her safety. Edwards acknowledged that trial counsel did not object to the omission of the language, but argued that under *State v. Perkins*, 2001 WI 46, 243 Wis. 2d 141, 626 N.W.2d 762, his "substantial rights were affected because the omission of a 'true threat' instruction put him at risk of conviction for having engaged in verbal and nonverbal conduct protected by the First Amendment—a risk that could have been avoided had the 'true threat' instruction been included."

¶6　The postconviction court denied the motion, stating:

> There was no evidence that the defendant made any statements to the victim that could overtly be construed as a threat, although his remark to her about a foster son she did not have was creepy to say the least, which is precisely how the court characterized it when it denied the defense motion to dismiss for insufficiency of the evidence and at the time of sentencing. So the "true threat" instruction was not implicated by any statements the defendant made.
>
> ….
>
> [T]he State's prosecution for "otherwise disorderly conduct" was not predicated upon a threat but rather upon the totality of the defendant's behavior and all of the surrounding circumstances. The State did not need to prove that the defendant made a true threat in order to obtain a conviction for disorderly conduct…. The State only needed to prove that the defendant engaged in "otherwise disorderly conduct" which tended to cause or provoke a disturbance…. In this instance, it was sufficient for the State to show that the defendant engaged in creepy, stalker-like behavior and that the victim was fearful for her safety and ran to a neighbor's house because she was in fear of the defendant.

(Record citations omitted.)　This appeal follows.

## DISCUSSION

¶7　On appeal Edwards again contends that the trial court erred in failing to provide the jury with the "true threat" language of WIS JI—CRIMINAL 1900. We disagree.

¶8　"The trial court has broad discretion in instructing the jury and we will not find error as long as the instructions adequately cover the applicable law." *State v. Robinson*, 145 Wis. 2d 273, 281, 426 N.W.2d 606 (Ct. App. 1988). A jury instruction that is "challenged as not completely and correctly informing the jury of the law applicable to the charge" presents a question of law that we review

independently while benefiting from the trial court's analysis. *State v. Gonzalez*, 2011 WI 63, ¶22, 335 Wis. 2d 270, 802 N.W.2d 454.

¶9      At the close of evidence, the trial court is required to conduct a conference with the parties to discuss, among other things, the proposed jury instructions. *See* WIS. STAT. § 805.13(3). "Failure to object at the conference constitutes a waiver of any error in the proposed instructions[.]" *Id.*

¶10     It is undisputed that Edwards did not object to the omission of the "true threat" language at the jury instructions conference. Nonetheless, relying on *Perkins*, Edwards contends that this court may reverse his conviction regardless of the lack of an objection.

¶11     In *Perkins*, the defendant was charged with threatening a judge. *Id.*, 243 Wis. 2d 141, ¶1. Our supreme court, in recognizing that "some threatening words are protected speech under the First Amendment" and that "[o]nly a 'true threat' is constitutionally punishable under statutes criminalizing threats," adopted an objective test for determining whether statements made by a defendant constitute a true threat. *Id.*, ¶¶17, 29.

¶12     The *Perkins* court then conducted an analysis as to whether the jury instruction for the crime of threatening a judge sufficiently addressed this factor; that is, whether it "adequately explain[ed] to the jury the difference between a 'true threat' and protected free speech." *Id.*, ¶32. The court held that the jury instruction was deficient because it did not sufficiently instruct the jury on that essential element of the crime. *Id.*, ¶37. Thus, it concluded that the controversy had not been fully tried. *Id.*, ¶49.

5

¶13    This case is distinguishable from **Perkins**.    For the charge in **Perkins**—threatening a judge—the first essential element of the crime required proof "that the defendant threatened to cause bodily harm to [the judge]." **Id.**, ¶34. In contrast, here Edwards was charged with disorderly conduct.   The essential elements required to prove that crime are (1) that the defendant "engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct"; and (2) that "the conduct of the defendant, under the circumstances as they then existed, tended to cause or provoke a disturbance."   *See* WIS JI— CRIMINAL 1900 (some formatting altered).

¶14    Neither of the essential elements required to prove disorderly conduct involve establishing that the victim was threatened.   In fact, the "true threat" language of the instruction is required to be given *only* "where the State's case relies on statements or conduct that may constitute a threat[.]"   *See id.* (some formatting altered).   In other words, it is not necessary for the State to prove that a defendant threatened the victim in order to obtain a conviction for disorderly conduct.

¶15    Furthermore, we agree with the trial court's assessment that the State's case focused on Edwards's "creepy" conduct as it applied to the elements of disorderly conduct.   The victim testified that Edwards was parked outside of her home, told her he knew her foster son, followed her back to her home, told her he was watching her and knew she was not married, banged on her door when she retreated to her home, followed her to her neighbor's home, and was carrying a machete.   In short, the State described the "otherwise disorderly conduct" addressed in the first element of the disorderly conduct jury instruction.

¶16    With regard to the second element, the State relied on evidence of Edwards's behavior which supported its case with regard to the essential elements

of disorderly conduct, and not on any evidence construing Edwards's conduct as a threat. As a result, the true threat language of the jury instruction was not necessary.

¶17 We therefore reject Edwards's argument that the trial court erred in failing to include the "true threat" language of WIS JI—CRIMINAL 1900. We affirm the trial court.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.